IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BOBBI BOWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-314 |
| | ) |
| BLUECROSS BLUESHIELD OF | ) Magistrate Judge Lee |
| TENNESSEE, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER OF DISMISSAL WITH PREJUDICE

Currently before the Court is a joint motion filed on April 26, 2012 [Doc. 31] by Plaintiff Bobbi Bowen ("Bowen") and Defendant BlueCross BlueShield of Tennessee, Inc. ("BCBST"), requesting Court approval of a settlement of Plaintiff's claim asserted under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C.A. §§201-219.

A hearing was held on the parties' joint motion to approve the settlement on May 2, 2012. Bowen was represented at the hearing by attorney Donna J. Mikel, and BCBST was represented by attorney John E. B. Gerth, who participated by phone. For the reasons that follow, the settlement will be approved and the parties' joint motion [Doc. 31] will be **GRANTED**.

The FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The first circumstance (that the Secretary of Labor may supervise the payment of back wages to employees and employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full) is not at issue here. The second circumstance, and the one applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C.A. §216(b), the

1

employee and employer present a proposed settlement to the district court, and the district court reviews the proposed settlement and judgment and enters it as a stipulated judgment. 29 U.S.C.A. §216(c); *Lynn's Food Stores, Inc. v. United States*, 697 F.2d 1350 (11th Cir. 1982).

As held in *Lynn's Food*,

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.

*Id.* at 1354.

In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute…the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In this case, there are bona fide disputes, namely FLSA coverage and the amount of back pay. The claims were settled following a day-long mediation, and the negotiations that resulted in a settlement were held at arms' length and with the parties being represented by experienced and reputable counsel. After speaking with counsel for the parties and reviewing the settlement agreement,[1] the Court concludes the settlement is a fair and reasonably compromises and takes into account each party's interest, benefits and rights pursuant to the considerations set forth in *Lynn's Foods*.

Therefore, it is hereby **ORDERED** and **ADJUDGED**, and **DECREED** as follows:

1. The settlement among the parties is hereby **APPROVED** as being a fair, just, adequate, and reasonable compromise of the disputed issues of law and fact remaining in this action.

2. The joint motion for approval of settlement and for entry of dismissal with prejudice, [Doc. 31], is hereby **GRANTED**.

3. It is hereby **ORDERED** that this case is **DISMISSED WITH FULL PREJUDICE**, with each party bearing her or its own costs pursuant to the settlement agreement.

        s/ *Susan K. Lee*
        SUSAN K. LEE
        UNITED STATES MAGISTRATE JUDGE

---

[1] The settlement agreement was reviewed by the Court, but the confidential agreement was not made part of the record.